# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOY L. MARTINEZ, individually, as personal representative
of LOUIS J. MARTINEZ, deceased, and as mother and next
friend of KEVIN JOSEPH MARTINEZ, a minor, and
MARIAH NICOLE MARTINEZ, a minor,

      Plaintiff,

vs.                                                                                                           No. CIV 99-0033 JC/DJS

$CO_2$ SERVICES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion for Leave to File a First Amended Complaint, filed August 31, 1999 *(Doc. 22)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion for Leave to File a First Amended Complaint is well taken and will be granted.

## I.     Factual Background

Plaintiff sues on behalf of herself and her children to recover for the wrongful death of her husband, Louis J. Martinez. Mr. Martinez died as a result of injuries suffered when he was hit by a commercial semi-tractor trailer driven by Donald Dewaine Mullins. Mr. Mullins was employed by Defendant at the time of the accident and was driving a semi-tractor trailer owned by Defendant.

Mr. Martinez was a New Mexico State Highway and Transportation Department employee working alongside Interstate 40 near Tramway Boulevard in Albuquerque, New Mexico, on

November 4, 1998. This portion of the interstate was under construction, as indicated by orange barrels and other warning devices, and traffic was restricted to the right-hand lane of the three-lane road. As Mr. Mullins approached the area, he lost control of the vehicle and crossed into the emergency lane. He proceeded through the warning devices, striking the jersey bounce and hitting Mr. Martinez before the vehicle came to a stop. Upon approaching the semi-tractor trailer, rescue personnel discovered Mr. Mullins lying dead across the bench of the truck. The autopsy of Mr. Mullins determined the cause of death to be cardiac arrest. Mr. Martinez died seven days later as a result of his injuries.

Plaintiff's initial complaint alleges that Defendant knew or should have known that Mr. Mullins was at risk for sudden cardiac arrest and as such, is vicariously liable for the accident that occurred. Plaintiff now seeks leave to amend the initial complaint pursuant to FED. R. CIV. P. 15(a). The proposed changes include a continuing allegation of negligence and vicarious liability for Mr. Mullins' failure to control his vehicle. Also, while Plaintiff seeks to eliminate any negligence claim based on whether Defendant had knowledge of Mr. Mullins' heart condition, Plaintiff seeks to replace that claim with an allegation that Defendant knew or should have known about Mr. Mullins' sleep apnea condition. In addition, Plaintiff seeks to show Defendant was negligent as a result of Mr. Mullins' failure to wear a seatbelt. Finally, Plaintiff seeks to provide notice that she may rely on the doctrine of *res ipsa loquitur*, or circumstantial evidence, in order to prove her claims of negligence.

## II. Analysis

### A. Standard

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a).[1] *See also Yapp v. Excel Corp.*, 1999 WL 565291 (10th Cir.(Colo.)). The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U S West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). The decision to grant leave to allow amendment of pleadings will not be disturbed absent abuse of discretion. *See Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir.1994). An abuse of discretion may be found only when the district court has made an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir.1994) (quotation omitted).

### B. Discussion

In this case, Defendant has failed to demonstrate that Plaintiff's Motion for Leave to Amend the Complaint is based on grounds justifying the Court's refusal to allow amendment of the Complaint. The deadline for discovery in this case is November 9, 1999, a full two months after the filing of Plaintiff's motion. Furthermore, Plaintiff assures the Court that granting the Motion for Leave will not affect the pretrial deadlines already set in this case. *See* Plaintiff's Memorandum Brief in Support of Motion for Leave to File a First Amended Complaint at 2, filed August 31, 1999

---

[1] When, as here, a federal court sits in diversity, it must apply the substantive law of the state in which it sits. *Tucker v. R. A. Hanson Co.*, 956 F.2d 215, 217 (10th Cir. 1992) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). However, a federal court sitting in diversity applies its own procedural law. *See Boyd Rosene and Assocs., Inc. v. Kansas Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). While the New Mexico state cases interpreting Rule 1-015(A) NMRA 1999, are interesting, they offer no guidance on federal procedural law.

*(Doc. 23)*. Defendant's argument that the proposed amendments will be futile is based on its disagreement with the merits of the claims proposed in the amended complaint. However, that is an issue better addressed in a motion for summary judgment. For the foregoing reasons, Plaintiff's Motion for Leave to File a First Amended Complaint will be granted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Leave to File a First Amended Complaint *(Doc. 22)* be, and hereby is, **granted**. Plaintiff shall file and serve her first amended complaint within 14 days of this Order.

DATED this 6th day of October, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Norman S. Thayer
	Sutin, Thayer & Browne
	Albuquerque, New Mexico

Counsel for Defendant:	Lawrence H. Hill
	Sandy H. Knight
	Civerolo, Gralow & Hill, PA
	Albuquerque, New Mexico