## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOY L. MARTINEZ, individually,
as personal representative of
LOUIS J. MARTINEZ, deceased,
and as mother and next friend of
KEVIN JOSEPH MARTINEZ,
a minor, and MARIAH NICOLE
MARTINEZ, a minor.

      Plaintiffs,

  vs.                                                No. CIV 99-0033 JC/DJS

CO2 SERVICES, INC.,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

      THIS MATTER came on for consideration of Defendant's Partial Objection to Clerk's Order Settling Costs and Motion for Court Review, filed August 11, 1999 *(Doc. 114)*.

      On June 21, 2000, the Court issued a Memorandum Opinion and Order granting Defendant's motion for summary judgment, thereby dismissing the case. On June 30, 2000, Defendant filed a Motion to Tax Costs. On August 7, 2000, the Clerk entered an Order Settling Costs (Clerk's Order), allowing $853.52 in costs, and disallowing $15,276.80. In its timely motion, Defendant now objects to the Clerk's failure to award costs for 1) the depositions of nine lay witnesses ($965.36); 2) expert deposition fees ($1,752.31); 3) lay witness fees ($197.20); and 4) expert deposition fees ($12,018.43). *See id.*

**STANDARD**

The Court applies a de novo standard in reviewing the Clerk's taxation order. *See Furr v. AT&T Technologies., Inc.*, 824 F. 2d 1537, 1550 n.11 (10th Cir. 1987).  In reviewing the propriety of the taxation of costs, the applicable federal statutes and local rules must be read together.

**ANALYSIS**

**I.     Deposition fees**

Under 28 U.S.C. § 1920(2), deposition fees are taxable.  Local Rule 54.2(b) circumscribes § 1920(2) by allowing deposition costs only when the deposition is reasonably necessary to the litigation. D.N.M.L.R.-CIV. 54.2(b).  A deposition is reasonably necessary to the litigation if a substantial portion is entered into evidence or used at trial for impeachment purposes; if used by the Court in ruling on a summary judgment motion; or if so determined by the Court.  *See* D.N.M.L.R.-CIV. 54.2(b).  Whether a deposition has been necessarily obtained is a question of fact to be determined by the court. S*ee Callicrate v. Farmland Indus., Inc.*, 139 F. 3d 1336, 1340 (10th Cir. 1998).  The court is to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred, recognizing that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation.  *See id.*

Defendant objects to the denial of deposition transcript charges for lay witnesses Wemhoff, Romero, C. Smith, Obenhaus, Mc Daniel, J. Smith, Suthers, Allen, and Hammond.  Although the Court did not cite to any of these depositions in its memorandum opinion and order dismissing the case, Defendant argues that the depositions were before the Court for its review, having been cited

by either Plaintiff or Defendant in the briefs.  Therefore, Defendant argues that the costs of the depositions should be considered reasonably necessary to the litigation.

However, depositions taken solely for discovery are not taxable as costs. *See Furr v. AT&T Technologies, Inc.*, 824 F. 2d at 1550.  In this case, the depositional testimony of the listed witnesses was not reasonably necessary to the Court's determination of whether Mr. Mullins fell asleep while driving, thereby causing the accident that killed Mr. Martinez.  Therefore, the Court finds that deposition fees are not recoverable for these witnesses.

Defendant also objects to the denial of deposition transcript charges for expert witnesses Dr. Ramo and Dr. Seligman.  The Court finds that the deposition testimony of Drs. Ramo and Seligman was reasonably necessary for use by the Court in determining whether the accident could have resulted from Mr. Mullins having fallen asleep.  However, Defendant submitted two different figures for recovery.  First, Defendant seeks recovery of "Deposition Fees and Expenses" in the amount of $853.52 for Drs. Ramo and Seligman.  *See* Bill of Costs at ¶ 2, filed June 30, 2000 *(Doc. 107)*.  Second, Defendant seeks recovery of "Expert Fees and Expenses" in the amount of $952.31 for Dr. Ramo and $800.00 for Dr. Seligman, for their deposition fee.  *See* Bill of costs at ¶ 3.  Defendant explains in its reply brief that Drs. Ramo and Seligman were paid a total of $1752.31 to ensure that they would be present for their deposition.  *See* Reply to Plaintiff's Response to Defendant's Objection to Clerk's Order Settling Costs, filed September 8, 2000 *(Doc. 116)*.  This amount constitutes an expert witness fee for each doctor, and is not taxable.  *See* D.N.M.L.R.-CIV. 54.2(c)(2). Therefore, the Court finds that the costs of the deposition transcripts of Drs. Ramo and Seligman were properly taxed under D.N.M.L.R.-CIV. 54.2(b)( 2).

3

**2.    Witness fees**

Recovery of witness fees is authorized by 28 U.S.C. § 1821. Local Rule 54.2(c) narrows the scope of § 1821 by allowing witness fees only when the witness testifies at trial or at a deposition found to be reasonably necessary to the litigation. *See* D.N.M.L.R.-CIV. 54.2(c). The witness fee reimburses a witness not for their actual testimony, but for being available to testify. Likewise, prior to trial, a deposition witness fee awards a witness for being available and being prepared to be deposed, not for their deposition, and, accordingly, is taxable even when the deposition does not take place.

Defendant objects to the denial of witness fees for lay witnesses Allen, Blewett, Green and Suthers, witnesses deposed prior to the Court's grant of summary judgment. Defendant argues that their depositional testimony should be considered reasonably necessary to the litigation and therefore taxable. The Court disagrees. The Court recognizes that the parties must take steps to prepare for trial which include incurring witness fees. However, such action does not render the witnesses reasonably necessary to the litigation. In this case, Defendant fails to establish that these witnesses provided information used by the Court in deciding Defendant's motion for summary judgment. Therefore, the Court finds that witness fees are not recoverable for these witnesses.

Defendant also objects to the Clerk's denial of witness fees for Defendant's experts Bannon, Dr. Brown, McLemore, Dr. Rhodes, Dr. Swinson, and Dr. Timm. However, an expert witness fee is not taxable under 28 U.S.C. §1920 unless the Court, sua sponte or on motion by a party, appoints the expert and approves the fee amount. *See* D.N.M.L.R.-CIV. 54.2(c)(2). An expert witness not appointed by the Court will be paid the same fee as a lay witness. *See id.* In this case, the Clerk failed

to award even a lay witness fee for Defendant's experts, presumably because the Court did not cite to their testimony in the disposition of the case.

The Court need not specifically determine whether the six experts' testimony was reasonably necessary to the litigation, because the Court is unsure whether such testimony was ever given. Defendant's motion to tax costs seeks recovery for "Expert Witness and Deposition Fees" for Bannon, Dr. Brown, McLemore, Dr. Rhodes, Dr. Swinson, and Dr. Timm. *See* Bill of Costs at ¶ 3. Any amount attributable to "lay witness fees," that is, amounts compensating a witness for providing or being available to provide depositional testimony, is not itemized as a separate expense. *See* D.N.M.L.R.-CIV. 54(c)(1)(C). The Court is therefore unable to determine whether these experts were even deposed or scheduled to be deposed. Accordingly, the Court finds that witness fees are not recoverable for these witnesses.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Partial Objection to Clerk's Order Settling Costs and Motion for Court Review, filed August 11, 1999 *(Doc. 114)* is **denied.**

**IT IS THEREFORE ORDERED** that costs are taxed against the Plaintiff in the amount of **$853.52** (deposition fees for experts Dr. Ramo and Dr. Seligman).

DATED March 8, 2001.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Norman S. Thayer, Esq.
    Christopher A. Holland, Esq.
    Arianne Singer, Esq.
    Sutin, Thayer & Browne, P.C.
    Albuquerque, New Mexico

Counsel for Defendants:

    Lawrence H. Hill, Esq
    Sandy H. Knight, Esq
    Civerolo, Gralow & Hill, PA
    Albuquerque, New Mexico